**In the Matter of CERTIFIED MORTGAGE CORP., Debtor.**

**SOUTHEAST BANK OF PINELLAS, Plaintiff,**

v.

**CERTIFIED MORTGAGE CORP., Defendant.**

**Bankruptcy No. 81–363.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Jan. 18, 1982.

Sally F. Corcoran, Clearwater, Fla., for plaintiff.

Dominic Massari, Tampa, Fla., for defendant.

### ORDER ON COMPLAINT FOR RELIEF FROM AUTOMATIC STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for a final evidentiary hearing on a complaint, filed by Southeast Bank of Pinellas (the Bank) which seeks relief from the automatic stay imposed by § 362 of the Bankruptcy Code.

The Bank seeks relief from the stay on the ground of lack of adequate protection under § 362(d)(1). The record, as developed at the final evidentiary hearing reveals the following:

Certified Mortgage Corp. (Certified), the Debtor involved in the above-captioned Chapter 11 proceeding, is the legal owner of certain real property located in Hillsborough County, Florida, Lot 5, Block 34, TOWN N' COUNTRY PARK UNIT NO. 12, according to the plat thereof as recorded in Plat Book 39, Page 26 of the Public Records of Hillsborough County, Florida. The Bank is the holder of a second mortgage on the subject property and according to the stipulation heretofore entered, there is an outstanding balance of $31,745.94 together with accrued interest for the total of $33,457.96. The interest is accruing at the rate of $13.49 per day and the original contract called for a monthly payment of $484.29. The subject property is encumbered by a first mortgage held by Ralph C. Sutro Co. on which there is a principal balance due, according to the schedules filed by Certified, of $12,296.68. The property is apparently rented and Certified is receiving monthly income from the subject property. It is without dispute that the Bank has not received any payments for almost a year. The property was originally appraised by an appraiser engaged by the

Bank at $60,000 and according to the update, dated January 7, 1982, the current fair market value of the property is $68,000. There is no evidence in the record that the property is in jeopardy, that the property is not insured, or that the property is in any way diminishing in value. On the contrary, the evidence is uncontradicted that since the last appraisal, the property appreciated in value. Although the Bank did not ask this Court to take judicial notice of the progress of the Chapter 11 case which is proper by virtue of Rule 201(c) of the Federal Rules of Evidence, this Court takes judicial notice of the following which appears from the record. This Chapter 11 case was filed on March 9, 1981. On the same date, this Court entered an order and ordered Certified to remain in possession and continue to operate its business. This order provided inter alia that the Debtor shall file bi-weekly operating reports and a monthly profit and loss statement. It appears that none of these reports have been filed. It further appears that although Certified filed a plan of reorganization, did not file a disclosure statement as required by § 1125 and although stated at the status conference in October, the same will be filed within 10 days, up to date none has been filed.

The relief sought by the Bank is based on § 362(d)(1) which mandates a lifting of the automatic stay for "cause" including for lack of adequate protection of an interest in property of a party in interest. Section 361 of the Code provides that adequate protection is required if the automatic stay imposed by § 362 results in a decrease in the value of the entity interest in the property. It is without dispute in this instance that Certified has an ample equity cushion in this property that the value of the subject property rather than the diminishing appears to be increasing thus, it is clear that the Bank is not entitled to be relieved from the automatic stay at this time. This, however, shall not be taken as an indication that just because there is an equity cushion, Certified has a carte blanche authority to delay the proceeding and will have unlimited benefit of the use of this property without making a meaningful effort toward effectuating reorganization under Chapter 11.

While this Court at this time will not lift the automatic stay, this is without prejudice to any party of interest to seek an appropriate remedy under § 1112(b) including an order of dismissal or conversion for any of the grounds set forth in § 1112.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the relief prayed for in the complaint filed by Southeast Bank of Pinellas be, and the same hereby is, denied without prejudice and the Court expressly reserves jurisdiction for the purpose of considering any additional request for relief if the Bank, based on changes of circumstances, reapplies for relief.